IN THE CIRCUIT COURT OF TENNESSEE

FOR THE TWENTY-NINTH JUDICIAL DISTRICT

AT DYERSBURG

| | |
|---|---|
| TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, | ) ) |
| PLAINTIFF, | ) |
| VS. | ) CIVIL ACTION NO.: _10-CV-56_ |
| KENNETH D. RAMIREZ, ROBIN S. RAMIREZ, ACE GLASS REPAIR, INC., TIM W. SMITH PROPERTIES, LLC, AND GENERAL CASUALTY INSURANCE COMPANY, INC., | ) ) ) ) ) |
| DEFENDANTS. | ) |

*STATE OF TENNESSEE DYER COUNTY*
*I, Tom "T.J." Jones, Clerk of the Circuit Court of Dyer County Tennessee, hereby certify this instrument to be full, true, and correct copy of _____ or same appeared on record 10-CV-56 now on file in my office. In testimony whereof, I have hereunto affixed my hand AND THE OFFICIAL SEAL OF THE COURT, THIS ___ DAY OF May 20 10.*
*Tom "T.J." Jones*
*Circuit Court Clerk*
*Dyer County, Tennessee*

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** the plaintiff, Tennessee Farmers Mutual Insurance Company, hereinafter

referred to as Tennessee Farmers, pursuant to the provisions of T.C.A. § 29-14-101, *et seq.*, and

for its cause of action states as follows:

### PARTIES

1. Pursuant to T.C.A. § 29-14-107, the following parties have an interest in this action:

Plaintiff is a domestic corporation, properly authorized to do, and doing, business in the State of

Tennessee. Defendant Robin S. Ramirez was at all times relevant hereto a resident and citizen of

Dyer County, Tennessee. Defendant Kenneth D. Ramirez was at all times relevant hereto a

resident and citizen of Dyer County, Tennessee, but upon information and belief is currently incarcerated in Arkansas. Defendant Ace Glass Repair, Inc. is an Arkansas for-profit corporation with its principal place of business in Blytheville, Mississippi County, Arkansas, whose registered agent is Tim W. Smith of 204 East Walnut, Blytheville, Arkansas, 72315. Defendant Tim W. Smith Properties, LLC is an Arkansas limited liability company, whose agent for service of process is Tim W. Smith of 204 East Walnut, Blytheville, Arkansas, 72315. Defendant General Casualty Insurance Company, Inc., is a Wisconsin Corporation doing business in both Arkansas and Tennessee, who upon information and belief has paid insurance benefits on an insurance policy to Ace Glass Repair, Inc., and may assert a subrogation claim. General Casualty Insurance Company, Inc., may be served with process through the Tennessee Department of Commerce and Insurance.

## JURISDICTION AND VENUE

2. Jurisdiction and venue are proper in this Court in Dyer County, Tennessee. This suit for declaratory judgment concerns a policy of insurance which was sold in Dyer County, Tennessee to defendants Kenneth D. Ramirez and Robin S. Ramirez, who were at all times relevant hereto both residents of Dyer County. The policy covers the property and improvements located at 420 Oak Ridge Road in Dyersburg, Tennessee. This Court has personal jurisdiction over the defendants Ace Glass Repair, Inc., Tim W. Smith Properties, LLC, and General Casualty Insurance Company, Inc., because those defendants seek or may seek to avail themselves of proceeds under the insurance policy, and because the latter does business in Tennessee. This Court has jurisdiction over the subject matter of this suit pursuant to T.C.A § § 29-14-103 and 29-14-104, which provide for declaratory judgment actions construing contracts.

2

## FACTS

3.  On or about June 27, 2005, plaintiff issued to defendants Kenneth D. Ramirez and Robin S. Ramirez a "Property Owners Insurance Policy", the same having policy number 5758167.  A certified copy of this policy is attached hereto as **Exhibit A**, and is fully incorporated herein by reference.  The policy has liability limits under Section II, Paragraph E., "Personal Liability" (Exhibit A, p. 16) of Three Hundred Thousand and No/100 Dollars ($300,000.00).

4.  Upon information and belief, on October 21, 2008 defendant Kenneth D. Ramirez entered the premises of Ace Glass Repair, Inc., in Blytheville, Mississippi County, Arkansas, where he pulled a gun, shot and killed an employee by the name of Kent Palmore, and deliberately and intentionally set the premises on fire, resulting in damage thereto.  These acts were "other than accidental," as such phrase is defined by the insurance policy in question.  Defendant Kenneth D. Ramirez was charged with murder and arson due to his intentional acts in Blytheville, Mississippi County, Arkansas, and is now in prison.

5.  On March 10, 2009 Ace Glass Repair, Inc. and Tim W. Smith Properties, LLC filed a civil complaint against Kenneth D. Ramirez in the Circuit Court of Mississippi County, Arkansas, Chickasawba District, Civil Division, Docket Number CV-2009-108 (VH).  They later filed a motion for summary judgment against Mr. Ramirez, which was not opposed.  A summary judgment was taken against Mr. Ramirez on March 17, 2010, in the amount of Four Hundred Forty Thousand and No/100 Dollars ($440,000).

## POLICY PROVISIONS

6.  Plaintiff denies the policy it issued provides any coverage for the aforementioned acts and/or damage resulting therefrom, and has filed this cause of action asking this Court for a

3

declaration of the rights of the respective parties under the terms of the policy, pursuant to the provisions of T.C.A. § 29-14-101, *et seq*.

7.  Plaintiff further states that the policy provides no coverage for the consequences of defendant Mr. Ramirez's intentional acts.  Specifically, the policy provides:

Coverage E-Personal Liability
What is Covered

We will pay compensatory damages up to our limit of liability for this coverage for bodily and property damage for which an insured becomes legally liable because of any one **occurrence**.  (Exhibit A. p. 19)  (Emphasis added).

The policy defines "occurrence" as follows:

**Occurrence means an accident during the policy period shown in the Declaration that is neither expected nor intended** by an insured and that results in bodily injury, medical covered injury or property damage.  (Exhibit A, p. 3) (Emphasis added).

8.  Plaintiff also states that the defendants Kenneth D. Ramirez and Robin S. Ramirez failed to give "notice of loss" and "notice of claim or suit" sufficient to trigger the coverage provisions of the policy, as required by the policy.  Page 4 of the policy (Exhibit A) provides that the insured must give written notice of a loss or occurrence as soon as possible, as well as notice of any claim or suit, along with all legal papers.  No such notice was ever sent by the insureds.

9.  Plaintiff states that the defendant Kenneth D. Ramirez's acts were willful, deliberate and intentional acts, for which he was charged criminally, and thus that the acts do not fit the language of the policy in question, which covers only "accidental" events, and excludes any events "other than accidental."  The policy (Exhibit A) provides on page 16 that it does not cover "bodily injury, economic loss, or property damage caused by or resulting from any action, other than accidental, committed by or at the direction of any person."  It provides, specifically, as follows:

4

<u>What is Not Covered</u>

We do not provide liability coverage under this <u>Coverage E-Personal Liability</u> for any person or entity for:

1.      Bodily injury, economic loss, or property damage caused by or resulting from any action, other than accidental committed by or at the direction of any person... (Exhibit A, p. 16)

10. The policy (Exhibit A, P. 21) provides that "The laws of the State of Tennessee shall govern the validity, construction, interpretation and effect of this policy."

## JUSTICIABLE ISSUES

11. Plaintiff states that although Ace Glass Repair, Inc., and Tim W. Smith Properties, LLC, received a judgment in Arkansas against Kenneth D. Ramirez, Tennessee Farmers is not liable to any of the defendants named herein in any amount. The summary judgment rendered in Arkansas was uncontested by the jailed defendant Mr. Ramirez, who in fact provided an affidavit in support of the judgment against him. Plaintiff herein was not a party to the Arkansas suit, and was never asked by its insureds to defend in the suit. The parties and issues involved in the Arkansas suit were different than in the instant action, and the Arkansas judgment does not bind the plaintiff herein.  This set of facts presents a justiciable controversy under T.C.A. § 29-14-101 *et seq.*

12. Plaintiff states that the intentional acts in question and the expected result of such actions was not an "occurrence," as defined by the policy language cited supra.

13. Plaintiff states that the acts leading to the property damage in question were "other than accidental," as such term is defined by the policy in question (Exhibit A), and thus not covered by the policy.

5

14. Plaintiff further states that actually justiciable issues are now in controversy between the parties herein and that a judgment should be rendered by this court resolving these issues in favor of the plaintiff, under the provisions of T.C.A. § 29-14-101 *et seq.*

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES, CONSIDERED,** plaintiff prays for the following relief:

1. That proper process issue and be served upon each of the defendants, requiring each of them to answer this Complaint according to Tennessee law.

2. That this Court enter a declaratory judgment ordering and decreeing that insurance policy number 5758167 issued by Tennessee Farmers Mutual Insurance Company provides no coverage or benefits, including coverage for any subrogation claim, in connection with Defendant Mr. Ramirez's acts of October 21, 2008.

3. That the Court enter a declaratory judgment ordering and decreeing that plaintiff has no duty whatsoever to satisfy all or any part of the judgment obtained in Arkansas or to indemnify Kenneth D. Ramirez or any other person or entity from any possible claims or causes of action arising out of or resulting from the events of October 21, 2008, and that no subrogation rights exist against plaintiff.

4. That this Court enter a declaratory judgment ordering and decreeing that plaintiff has no liability whatsoever to Kenneth D. Ramirez, Robin S. Ramirez, Ace Glass Repair, Inc., Tim W. Smith Properties, LLC, General Casualty Insurance Company, Inc., or any other person or entity (including any as of yet unknown insurers of any of the defendants on a subrogation basis) in any way arising out of or resulting from the events of October 21, 2008, or from the uncontested summary judgment against defendant Kenneth D. Ramirez in Arkansas.

6

5. That the plaintiff be granted such other and further relief, both general and specific, as the nature of this case may require.

6. Plaintiff states that additional facts affecting coverage may be revealed during discovery in this cause. Plaintiff therefore reserves the right to amend its Complaint to assert other and additional defenses to coverage under the policy in question, and to add any additional parties, including but not limited to other insurers, who may be shown have an interest in this proceeding.

**RESPECTFULLY SUBMITTED:**

**JONES, HAMILTON & LAY, P.L.C.**
Attorneys at Law
P.O. Box 763
Dyersburg, TN 38025-0763
(731) 286-5323

BY: _____
James A. Hamilton III
B.P.R. No.: 009784
Attorney for Plaintiff,
Tennessee Farmers Mutual
Insurance Company

**COST BOND**

We hereby acknowledge ourselves sureties not to exceed One Thousand and No/100 Dollars ($1,000.00)

**JONES, HAMILTON & LAY, P.L.C.**

BY: _____

S:\Jah\H10-0003.047\03 Word Processing\2010-05-5-Hamilton- COM (declaratory judgment).pld.docm

# EXHIBIT "A"



**Tennessee Farmers
Insurance Companies**
Corporate Headquarters
Post Office Box 307 • Columbia, TN 38402-0307
931.388.7872 • www.fbitn.com

April 27, 2010

RE:   Policy No.  HP 5758167
      KENNETH RAMIREZ & ROBIN S RAMIREZ

I HEREBY CERTIFY THAT THE ATTACHED, TO THE BEST OF MY KNOWLEDGE,

IS A TRUE AND EXACT COPY OF POLICY NUMBER HP 5758167.

Harvey McKay
Vice President
Property Underwriting

pmw

Enclosure



**Tennessee Farmers**
**Insurance Comp...  ...s**
Corporate Headquarters
Post Office Box 307 • Columbia, TN 38402-0307
931.388.7872 • www.tennesseefarmers.com

02095
PAGE 1 of 3

## RENEWAL CERTIFICATE

| POLICY NUMBER | POLICY PERIOD FROM | 12:01 AM STANDARD TIME AT THE RESIDENCE PREMISES TO | MEMBER NUMBER | AGENCY | BRANCH |
|---|---|---|---|---|---|
| HP  5758167 | 06-27-2008 | 06-27-2009 | 1809533 | 0018930 | 01 |

02095

KENNETH RAMIREZ
ROBIN S RAMIREZ
420 OAK RIDGE RD
DYERSBURG  TN 38024-6510

**CERTIFIED COPY**
DATE ___4/27/10___
CERTIFIED BY: ___PML___

INSURED NAME : KENNETH D RAMIREZ & WF ROBIN S RAMIREZ

THE PREMISES COVERED BY THIS POLICY IS LOCATED:
420 OAK RIDGE RD DYERSBURG TN 38024-6510

LOT SIZE/ACRES: 100X150

| | | |
|---|---|---|
| SECTION I COVERAGE | LIMIT OF LIABILITY | ANNUAL PREMIUM - UNIT  1     1,471.00 |
| A. DWELLING | 285,000 | |
| B. OTHER STRUCTURES | 42,750 | YOUR PREMIUM HAS ALREADY BEEN REDUCED BY THE FOLLOWING: |
| C. PERSONAL PROPERTY | 213,750 | |
| D. LOSS OF USE | ACTUAL LOSS SUSTAINED (UNLESS OTHERWISE SPECIFIED) | |
| SECTION II COVERAGE | | |
| E. PERSONAL LIABILITY | 300,000 EACH OCCURENCE | |
| F. MEDICAL PAYMENTS TO OTHERS | 10,000 EACH PERSON, 25,000 EACH ACCIDENT | RENEWAL DIVIDEND CREDIT          23.00 |
| | | |
| $500  SECTION I LOSS DEDUCTIBLE: EXCEPT WHERE SPECIFIED OTHERWISE | | TFMIC AUTO INS DISCOUNT          59.00 |
| | | LOSS FREE CREDIT                117.00 |

APPLICABLE FORMS AND ENDORSEMENTS:

| FORM | DATE | FORM | DATE | FORM | DATE | FORM | DATE | FORM | DATE | FORM | DATE | FORM | DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| TF90 | 01-96 | TF10 | 01-07 | TF400 | 08-07 | TF43 | 08-07 | | | | | | |

### NOTICE TO POLICYHOLDER:

FOR A COMPREHENSIVE DESCRIPTION OF COVERAGES AND FORMS, PLEASE REFER TO YOUR POLICY.

IF, DURING THE PAST YEAR, YOU HAVE ACQUIRED ANY VALUABLE PROPERTY ITEMS OR MADE ANY IMPROVEMENTS TO INSURED PROPERTY, OR IF YOU HAVE ANY QUESTIONS ABOUT YOUR INSURANCE COVERAGE, CONTACT YOUR FARM BUREAU AGENT.

PLEASE KEEP THIS WITH YOUR POLICY.

OFFICE   DYER COUNTY FARM BUREAU
AGENT   FENNEL, MATT
125 EVERETT AVE
DYERSBURG TN 38024-5119

PHONE   (731)285-1275

*Vickie L. Knight*
AUTHORIZED REPRESENTATIVE

05-27-2008
DATE



**Farm Bureau INSURANCE**

**Tennessee Farmers**
**Insurance Companies**
Corporate Headquarters
Post Office Box 307 · Columbia, TN 38402-0307
931.388.7872 · www.tennesseefarmers.com

02095
PAGE 2 of 3

## RENEWAL CERTIFICATE

| POLICY NUMBER | POLICY PERIOD FROM | 12:01 AM STANDARD TIME AT THE RESIDENCE PREMISES TO | MEMBER NUMBER | AGENCY | BRANCH |
|---|---|---|---|---|---|
| HP  5758167 | 06-27-2008 | 06-27-2009 | 1809533 | 0018930 | 01 |

02095

KENNETH RAMIREZ
ROBIN S RAMIREZ
420 OAK RIDGE RD
DYERSBURG  TN 38024-6510

## ADDITIONAL COVERAGES

**DESCRIPTION**                                        **LIMIT OF LIABILITY**

TF43 STANDARD MORTGAGE CLAUSE

TF10 EARTHQUAKE                                             $470.00

Earthquake rating Zone is  5      Deductible %15
                                  Deductible Amount $     42,750     Coverage A
                                  Deductible Amount $      8,550     Coverage C

Limit of Insurance Coverage A -- $      242,250
Limit of Insurance Coverage B -- $          500
Limit of Insurance Coverage C -- $       48,450    (20% of Coverage A less deductible)
Coverage D - The lesser of: a. 10% of Coverage A shown above or b. $5,000

CERTIFIED COPY
DATE ___4/27/10___
CERTIFIED BY: ___PMW___

**Farm Bureau
INSURANCE**

Tennessee Farmers
Insurance Companies
Corporate Headquarters
Post Office Box 307 · Columbia, TN 38402-0307
931.388.7872 · www.tennesseefarmers.com

02095
PAGE 3 of 3

## RENEWAL CERTIFICATE

| POLICY NUMBER | POLICY PERIOD FROM | 12:01 AM STANDARD TIME AT THE RESIDENCE PREMISES TO | MEMBER NUMBER | AGENCY | BRANCH |
|---|---|---|---|---|---|
| HP  5758167 | 06-27-2008 | 06-27-2009 | 1809533 | 0018930 | 01 |

02095

KENNETH RAMIREZ
ROBIN S RAMIREZ
420 OAK RIDGE RD
DYERSBURG   TN 38024-6510

1ST   MORTGAGEE - UNIT  01
LOAN # 0031092471
CENTURY 21 MORTGAGE
PO BOX 5954
SPRINGFIELD OH 45501-5954

**CERTIFIED COPY**
DATE _____ 4/27/10
CERTIFIED BY: _____

**ACCIDENTAL DEATH BENEFIT**                    TF90 (01/1996)

Subject to all other **terms** of the policy to which this endorsement is attached, **you** and **we** agree that this endorsement is a part of the policy when it is designated in the Declarations and **you** pay any premium due. Any **term** in the policy in conflict with any provision in this endorsement shall be of no effect and inapplicable.

**We** will pay an accidental death benefit of $10,000 to the estate of an **insured** (as defined under **SECTION I**) whose accidental death results from FIRE, SMOKE, WINDSTORM, or LIGHTNING on the **residence premises**.

**We** will pay this benefit if death occurs within 90 days of the event and the death certificate shows death caused by accident.

**We** will not pay this benefit for death by FIRE or SMOKE unless there is suitable proof that the **residence premises** contained operating smoke or fire detection devices.

The limit of liability for this benefit is $10,000 for each **occurrence** regardless of the number of deaths or claims made.

**All other terms of the policy remain unchanged.**

CERTIFIED COPY
DATE ___4/27/10___
CERTIFIED BY: _PML_

1

## EARTHQUAKE                    TF10 (2007)

Subject to all other **terms** of the policy to which this endorsement is attached, **you** and **we** agree that this endorsement is a part of the policy when it is designated in the Declarations and **you** pay any premium due.  Any **term** in the policy in conflict with any provision in this endorsement shall be of no effect and inapplicable.

### DEFINITIONS

The words defined below are used throughout this endorsement as they are defined here. Whenever the defined words are used in this endorsement, they appear in boldfaced type so that **you** can find them easily.

**Covered Event** means the time period commencing with the initial **earthquake** and extending for a period of one hundred and sixty-eight (168) hours.  All **earthquake** shocks that occur within any one hundred sixty-eight (168) hour period shall constitute one **earthquake**.  The expiration or cancellation of this policy shall not reduce the one hundred sixty-eight (168) hour period.

**Deductible** means the percent of **Coverage A** and **Coverage C**, shown in the declarations, you have selected to establish the **limit of insurance** for the peril of **earthquake**.

**Earthquake** means a vibration-generating rupture event caused by displacement within the earth's crust through release of strain associated with **tectonic processes** and included effects such as ground shaking, liquefaction, seismically-induced land sliding and damaging amplification of ground motion.

**Limit of Insurance** means the most **we** will pay for any single **covered event**.

**Nuclear Hazard** means any nuclear reaction, radiation, or radioactive contamination, or any consequence of any of these.

**Tectonic Processes** mean adjustments of the earth's crust in response to regional stress conditions initiated by dynamic forces within the earth's interior.

CERTIFIED COPY
DATE _____ 4/27/10
CERTIFIED BY: _____ PML

1.

# EARTHQUAKE

TF10 (2007)

## PROPERTY COVERED

### A.   Dwelling

Subject to the **limit of insurance** shown in this endorsement, **we** cover:

1. **Your Residence**

   For the peril of **earthquake**, this endorsement does not guarantee full repair or replacement of **your residence** unless the repair or replacement can be completed within the **limit of insurance** shown in this endorsement.

   The **limit of insurance** shown in this endorsement will be reduced to the extent any payment is made for coverage 2. through 6. shown below.

2. Chimney(s) attached to or part of **your residence** up to $5,000 total, regardless of the number of chimneys covered. **We** will not pay for more than the least of the following amounts:

   a. the $5,000 that applies to chimney(s); or
   b. the actual cash value (including deduction for depreciation) of the damaged chimney(s) if repair or replacement is not elected; or
   c. the necessary amount actually spent to repair the damaged chimney(s).

3. Permanently installed floor covering including, but not limited to, wall-to-wall carpeting, hardwood flooring, and vinyl floor covering(s).

4. Walkways, driveways, and patios necessary for regular ingress to or egress from **your residence**. Walkways, driveways, and patios will be repaired or replaced only to the extent necessary to restore safe, unimpeded ingress to or egress from **your residence**.

5. Bulkheads, piers, and retaining walls integral to the stability of **your residence**.

6. The cost of land stabilization necessary to the habitability of **your residence**, including the engineering costs of the stabilization, subject to a $5,000 limit. Such cost is covered only when instability is directly and immediately caused by an **earthquake**.

   This endorsement does not guarantee full repair or replacement cost of **your residence** following a covered **earthquake** event. If the **residence** is rebuilt or replaced at another location, settlement will be no more than the cost to repair or replace the **residence** at its present location up to the limit of insurance shown in this endorsement. The **limit of insurance** available to cover **your residence** (coverage 1. above) will be reduced to the extent that any payment is made for coverage 2. through 6., above.

CERTIFIED COPY

DATE _____4/27/10_____

CERTIFIED BY: _____PML_____

# EARTHQUAKE

TF10 (2007)

**B.**   **Other Structures**

Subject to the **limit of insurance** shown in this endorsement for **Coverage B** Other Structures, **we** cover:

1. Other structures adjacent to, but not attached to **your residence**, but only while the structure is used solely as a private garage or where its use pertains solely to **your residence**.

2. Other structures connected to **your residence** by a utility line, fence, or similar connection, but only while the structure is used solely as a private garage or where it's use pertains solely to **your residence**.

**C.**   **Personal Property**

Subject to the **limit of insurance** shown in this endorsement for **Coverage C** personal property, **we** cover personal property usual to the occupancy of **your residence** described in the declarations.

At **your** request, **we** will cover personal property owned by others or owned by a **residence employee** while the personal property is in that part of the **residence** occupied by **you.**

The total **limit of insurance** shown in this endorsement for personal property will be reduced to the extent that any payment is made for damage to personal property owned by others or owned by a **residence employee.**

**D.**   **Loss of Use**

If a loss covered by this endorsement makes **your residence** uninhabitable, under **Coverage D Loss of Use**, payment will be made as shown in this endorsement under **Limit of Insurance.**

The **Coverage D** limit is applicable whether or not occupancy of the **residence** is prohibited by a civil authority due to a **covered event.**

**CERTIFIED COPY**

DATE _____

CERTIFIED BY _____

3.

# EARTHQUAKE                                    TF10 (2007)

## OTHER COVERAGE

If covered property is damaged by a **covered event**, we will pay:

1. The cost **you** incur for necessary and temporary emergency measures taken to protect against further damage. If the measures taken involves repair to other damaged property provided by **Coverage A, B,** or **Coverage C, we** will pay for those repairs only if that property is covered by this endorsement. This coverage is limited to 5% of the endorsement **limit of insurance** for the type of property being protected.

   Taking necessary, reasonable, and temporary emergency measures to protect covered property from further damage if an **earthquake** occurs does not relieve you of your responsibilities outlined in **REPORTING A CLAIM OR LOSS, DUTIES OF ALL PERSONS AND ENTITIES SEEKING COVERAGE** in your policy.

2. **We** will pay the reasonable expense incurred by **you** in the removal of debris resulting from a **covered event**. **We** will pay up to 5% of **Coverage A** shown in **Limit of Insurance** shown in this endorsement.

Payment under **Coverage A, B or C** will be reduced to the extent any payment for 1. and 2. above.

## PROPERTY NOT COVERED

### COVERAGE A or COVERAGE B

**We** do not cover:

1. Fences and walls not necessary for the structural integrity or stability of the **residence**.

2. Walkways, whether covered or not, driveways, bridges, decks, and patios not necessary for regular ingress to or egress from the **residence**.

3. Awnings or other types of deck or patio coverings.

4. Landscaping, trees, shrubs, or plants.

5. Exterior water supply systems including, but not limited to, irrigation systems, residential sprinkler systems, water filtration systems, or water reclamation systems.

6. Underground structures or equipment that are located outside the foundation wall of the residence including underground pipes, cables, flues, and drains, except those utility services essential for habitability.

CERTIFIED COPY
DATE _____ 4/12/10 _____
CERTIFIED BY: _____ PML _____

# EARTHQUAKE                    TF10 (2007)

However, **we** will cover plumbing pipes which are enclosed in the walls, ceiling, or floor system of the **residence** and plumbing extending to the exterior surface of the foundation wall of the **residence** and essential utility service located outside of the foundation wall and within the property boundaries of the **residence** which affects its habitability.

7.  Satellite signal receiving systems.

8.  Any building items consisting of a work of art or ornate or decorative items such as wall murals, stained glass, or mirrors permanently affixed to the **residence**, mosaics, bas-relief, and statuary.

9.  Bulkheads, piers, and retaining walls not integral to the stability of the **residence**.

10. Swimming pools, spas, and hot tubs, including plumbing, decking, and tile attaching the pool, spa, or hot tub to the decking or **residence**.

11. Plaster will not be replaced, but payment for damaged plaster will be made only up to the value of sheetrock.

## COVERAGE C

**We** do not cover:

1.  Animals, birds, or fish.

2.  Motor vehicles, including their parts or accessories.

3.  Any sound or picture equipment which is designed for operation by the electrical system of a **vehicle**, motorized land conveyance or a camp or home trailer while any of this equipment is in, on, or installed in a motor vehicle, motorized land conveyance, or a camp or home trailer. Such equipment includes, but is not limited to, citizens band radios, radio or cellular telephones, radio or video transceivers, radio or video transmitters, two-way mobile radios, radio or video scanning monitor receivers, radar detectors, car radio receivers, tape players, DVD players, televisions, GPS devices, video recorders and any accessories, antennas, speakers, tapes, CDs, DVDs, reels, cassettes, cartridges, carrying cases, or other devices used with such sound or video equipment.

4.  Aircraft, including their parts or equipment.

5.  Property of roomers, boarders and other tenants.

6.  Data, including data stored in:

    a.  books of account, drawings, or other paper records; or
    b.  electronic data processing tapes, wires, records, discs, or other software media.

CERTIFIED COPY

DATE ___4/27/10___

CERTIFIED BY: ___PML___

# EARTHQUAKE

However, **we** do cover the cost of blank recording or storage media and/or prerecorded computer programs available on the retail market.

7.   Artwork, including but not limited to, paintings, drawings, framing, sculpture, photographs, tapestries, pottery, and ceramics.

8.   Glassware, china, and porcelain.

9.   Watercraft, including their trailers, furnishings, equipment, and outboard or outboard/inboard motors.

10.  Trailers not used with watercraft.

11.  Landscaping, trees, shrubs, lawns, or plants.

12.  Satellite signal receiving systems.

## DEDUCTIBLE

The **deductible** percent has been applied to the **Coverage A** limit of liability as shown in the declarations to establish the **Coverage A** amount and **deductible** amount shown in this endorsement.

The **deductible** percent has been applied to the **Coverage C** limit of liability as shown in the declarations to establish the **Coverage C** amount and **deductible** amount shown in this endorsement.

The **deductible** will be applied one time for each **covered event**.

Any payment for a loss by a **covered event** will be reduced by the **deductible** amount shown below; however, **your residence** does not have to sustain damage for a **covered event** for payment of loss, minus the **deductible**, for **personal property**.

**Loss of Use** is not subject to the **deductible**.

**Earthquake** rating Zone is  5        **Deductible %** 15
                                 **Deductible Amount $**   42,750     **Coverage A**
                                 **Deductible Amount $**   8,550      **Coverage C**

**Limit of Insurance Coverage A** – $ 242,250
**Limit of Insurance Coverage B** – $     500
**Limit of Insurance Coverage C** -- $  48,450   (20% of **Coverage A** less **deductible**)
**Limit of Insurance Coverage D** – The lesser of:
                         a. 10% of **Coverage A** shown above; or
                         b. $5,000

CERTIFIED COPY
DATE _____4/27/10_____
CERTIFIED BY: _____

All other terms of the policy remain unchanged.

**MORTGAGEE**                                                    TF43 (08/2007)

Subject to all other **terms** of the policy to which this endorsement is attached, **you** and **we** agree that this endorsement is a part of the policy when it is designated in the Declarations and **you** pay any premium due. Any **term** in the policy in conflict with any provision in this endorsement shall be of no effect and inapplicable.

As used in this endorsement the word "mortgagee" includes a lender secured by deed of trust or mortgage, trustee, loss payee, secured creditor, or their successors or assigns. "Mortgagee" does not include a vendor under a land contract or lease/purchase contract or other similar instrument.

**The provisions of <u>REPORTING A CLAIM OR LOSS</u> and <u>DUTIES OF ALL INSUREDS, ALL PERSONS AND ENTITIES SEEKING COVERAGE, AND ALL DESIGNEES</u> apply to the mortgagee.**

If a person or entity is named as a mortgagee in the Declarations, any total loss payable under <u>**SECTION I**</u> shall be paid to the mortgagee shown in the Declarations or any assignee known to **us**, and to the **insured** according to the respective interests of each, in accordance with the **terms** of this policy. If more than one mortgagee is named, the order of payment shall be the same as the order of priority of the mortgagees shown in the Declarations. If **we** deny an **insured's** claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:

1. pays any premium due if the **Insured** fails to do so; and

2. has notified **us** prior to loss of any breach of warranty, commencement of foreclosure proceedings, or filing of bankruptcy, change of ownership, occupancy, or other substantial change of risk of which the mortgagee was aware prior to loss; and

3. furnishes a complete signed, sworn proof of loss within 60 days of being notified to do so.

**We** shall give the mortgagee at least 10 days notice before **we** cancel this policy. Proof of mailing or electronic transmission, shall be sufficient proof of notice.

If **we** pay the mortgagee for any loss and deny payment to **you** or any other **insured**:

1. **we** are subrogated to all the rights granted the mortgagee under the deed of trust or security agreement; or

2. at **our** option, **we** may pay off the entire debt to the mortgagee. In this event the mortgagee shall assign to **us** the mortgage and all securities held as collateral to the debt.

Subrogation or assignment shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

CERTIFIED COPY
DATE _____ 4/27/10
CERTIFIED BY: _____ PMW

1.

TF43 (08/2007)

## Duty to Cooperate with Us

Following any loss, **occurrence**, claim or suit, all **insureds**, all persons and entities seeking coverage under this policy, and all **designees**, must:

1. cooperate with **us** and anyone **we** name in the investigation, settlement, or defense of any **loss**, **occurrence**, claim or suit;

2. answer questions in person, under oath in Tennessee when asked by anyone **we** name, as often as **we** ask, while being videotaped and/or audiotaped, when requested, and sign before a notary public, and return the transcript of the answers;

3. promptly provide **us** with, allow **us** to copy, and give **us** written authorization to obtain all information, financial records, bank records, and other documents, tangible items, records, tax returns, receipts, and invoices which **we** may request;

4. as soon as possible make a report to the police if damage or loss is caused by vandalism, malicious mischief, or theft, and notify the credit card company or bank if the loss involves a credit card or bank transcript card;

5. notify the mortgagee its successors and or assigns of the loss;

6. permit **us** and anyone **we** name to inspect and appraise the damaged property as often as **we** require before altering, repairing, or disposing of the damaged property; and

7. make a list of all damaged or stolen property showing in detail the quantity, purchase price, date and place of acquisition, actual cash value, replacement cost, and amount of loss claimed and attach to such list all bills, receipts, and related documents that substantiate the figures in the list; and

8. send to **us** within 60 days after loss the list set forth in 7. above and a complete sworn proof of loss signed and sworn to by the person or entity seeking coverage which includes:

   a. the time and cause of loss;
   b. the interest of all persons or entities in the property involved;
   c. the actual cash value and replacement cost of the property and the amount of loss claimed;
   d. all encumbrances on the property;
   e. all other insurance which may cover the loss;
   f. changes in title, use, occupancy, or possession of the property during the policy period; and
   g. any plans, specifications, and appraisals of the damaged or stolen property; and

9. send to **us** receipts for additional living expenses incurred; and

10. send to **us** records pertaining to any loss of rental income and supporting the fair rental value loss; and

11. submit to medical examinations by physicians **we** select at **our** expense and as often as **we** reasonably require; and

12. give **us** written authorization to obtain medical records and reports.

## Responsibility for Designee

**You** are responsible for the act or omission of **your designee** relating to this policy and to ensure that person's or entity's conduct is compatible with the **terms** of this policy. **Your** coverage may be denied for the conduct of a **designee** personally or in a representative capacity if that conduct by **you** could result in denial of coverage under this policy.

**All other terms of the policy remain unchanged.**

CERTIFIED COPY

DATE _____4/29/10_____

CERTIFIED BY: _PML_

2.

# IN THE CIRCUIT COURT OF TENNESSEE

## FOR THE TWENTY-NINTH JUDICIAL DISTRICT

### AT DYERSBURG

| | |
|---|---|
| TENNESSEE FARMERS MUTUAL<br>INSURANCE COMPANY, | )<br>) |
| PLAINTIFF, | ) |
| VS. | ) CIVIL ACTION NO.: _10 CV 56_ |
| KENNETH D. RAMIREZ, ROBIN S.<br>RAMIREZ, ACE GLASS REPAIR, INC.,<br>TIM W. SMITH PROPERTIES, LLC, AND<br>GENERAL CASUALTY INSURANCE<br>COMPANY, INC., | )<br>)<br>)<br>)<br>) |
| DEFENDANTS. | ) |

TO:   Kenneth D. Ramirez
c/o Administrator of Prison
#145027, Cummins Unit, Barracks # 13
P. O. Box 500
Grady, AR 71644-0500



You are hereby required to serve your answer to the attached complaint upon plaintiff's attorney, James A. Hamilton, III, 202 South Main Street, Dyersburg, TN, 38025-763, within thirty (30) days of its service upon you, excluding the day of service, or fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Tested this _____ day of _____, 2010.

Issued this ___7___ day of _May_____, 2010.

_____, Clerk

_____, Deputy Clerk

Received this _____ day of _____, 2010.

### NOTICE

To the defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If

you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## **RETURN**

      I certify and make return that on the _____ day of _____, 2010, I served this Summons, together with a copy of the Complaint as follows:

      ( ) A.   I delivered a copy of this Summons and Complaint to the Defendant personally at .

_____.

      ( ) B.   I failed to serve this Summons within thirty (30) days after its issuance because \_\_

_____.



_____     _____

      Sheriff                                   Deputy Sheriff

## IN THE CIRCUIT COURT OF TENNESSEE

## FOR THE TWENTY-NINTH JUDICIAL DISTRICT

## AT DYERSBURG

| | |
|---|---|
| **TENNESSEE FARMERS MUTUAL INSURANCE COMPANY,** | ) ) |
| **PLAINTIFF,** | ) |
| **VS.** | ) CIVIL ACTION NO.: _10-CV-56_ |
| **KENNETH D. RAMIREZ,  ROBIN S. RAMIREZ, ACE GLASS REPAIR, INC., TIM W. SMITH PROPERTIES, LLC, AND GENERAL CASUALTY INSURANCE COMPANY, INC.,** | ) ) ) ) ) |
| **DEFENDANTS.** | ) |

**TO:**   Robin S. Ramirez
c/o Ace Glass Repair, Inc.,
204 E. Walnut
Blytheville, AR 72315

You are hereby required to serve your answer to the attached complaint upon plaintiff's attorney, James A. Hamilton, III, 202 South Main Street, Dyersburg, ____ 38025-763, within thirty (30) days of its service upon you, excluding the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Tested this _____ day of _____, 2010.

_____ day of _____, 2010.

_____, Clerk

_____, Deputy Clerk

Received this _____ day of _____, 2010.

### NOTICE

To the defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed;  these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## **RETURN**

I certify and make return that on the _____ day of _____, 2010, I served this Summons, together with a copy of the Complaint as follows:

( ) A.   I delivered a copy of this Summons and Complaint to the Defendant personally at .

_____.

( ) B.   I failed to serve this Summons within thirty (30) days after its issuance because __

_____.


_____          _____
Sheriff                                                     Deputy Sheriff


S:\Jah\H10-0003.047\03 Word Processing\2010-05-07-Hamilton-SUM(R. Ramirez).pld.docx

## IN THE CIRCUIT COURT OF TENNESSEE

### FOR THE TWENTY-NINTH JUDICIAL DISTRICT

### AT DYERSBURG

TENNESSEE FARMERS MUTUAL  )
INSURANCE COMPANY,  )

  PLAINTIFF,  )

VS.  ) CIVIL ACTION NO.: _10 CV-56_

KENNETH D. RAMIREZ, ROBIN S. )
RAMIREZ, ACE GLASS REPAIR, INC., )
TIM W. SMITH PROPERTIES, LLC, AND )
GENERAL CASUALTY INSURANCE )
COMPANY, INC., )

  DEFENDANTS.  )



TO: Ace Glass Repair, Inc.,
  c/o Tim W. Smith Properties, LLC
  204 E. Walnut
  Blytheville, AR 72315

  You are hereby required to serve your answer to the attached complaint upon plaintiff's attorney, James A. Hamilton, III, 202 South Main Street, Dyersburg, TN 38025-763, within thirty (30) days of its service upon you, excluding the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Tested this _____ day of _____, 2010.

Issued this __7__ day of _Mary_____, 2010.

_____, Clerk

_____, Deputy Clerk

Received this _____ day of _____, 2010.

### NOTICE

To the defendant(s):

  Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## **RETURN**

I certify and make return that on the _____ day of _____, 2010, I served this Summons, together with a copy of the Complaint as follows:

    ( ) A.  I delivered a copy of this Summons and Complaint to the Defendant personally at

_____.

    ( ) B.  I failed to serve this Summons within thirty (30) days after its issuance because __

_____.


_____      _____

    Sheriff                             Deputy Sheriff


S:\Jah\H10-0003.047\03 Word Processing\2010-05-07-Hamilton-SUM(Ace).pld.docm

## IN THE CIRCUIT COURT OF TENNESSEE

### FOR THE TWENTY-NINTH JUDICIAL DISTRICT

### AT DYERSBURG

| | |
|---|---|
| **TENNESSEE FARMERS MUTUAL INSURANCE COMPANY,** | ) <br> ) |
| **PLAINTIFF,** | ) |
| **VS.** | ) CIVIL ACTION NO.: _10-CV-56_ |
| **KENNETH D. RAMIREZ, ROBIN S. RAMIREZ, ACE GLASS REPAIR, INC., TIM W. SMITH PROPERTIES, LLC, AND GENERAL CASUALTY INSURANCE COMPANY, INC.,** | ) <br> ) <br> ) <br> ) <br> ) |
| **DEFENDANTS.** | ) |

TO:    Tim W. Smith Properties, LLC
       204 E. Walnut
       Blytheville, AR 72315

You are hereby required to serve your answer to the attached complaint upon plaintiff's attorney, James A. Hamilton, III, 202 South Main Street, Dyersburg, TN 38025-763, within thirty (30) days of its service upon you, excluding the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Tested this _____ day of _____, 2010.

Issued this ___7___ day of ____May____, 2010.

_____, Clerk

_____, Deputy Clerk

Served this _____ day of _____, 2010.

### NOTICE

To the defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## **RETURN**

I certify and make return that on the _____ day of _____, 2010, I served this Summons, together with a copy of the Complaint as follows:

( ) A.   I delivered a copy of this Summons and Complaint to the Defendant personally at

_____.

( ) B.   I failed to serve this Summons within thirty (30) days after its issuance because __

_____.


_____          _____
Sheriff                                                    Deputy Sheriff

S:\Jah\H10-0003.047\03 Word Processing\2010-05-07-Hamilton-SUM(Tim Smith Prop).pld.docm

IN THE CIRCUIT COURT OF TENNESSEE

## FOR THE TWENTY-NINTH JUDICIAL DISTRICT

FILED
TOM "TJ" JONES
CIRCUIT CLERK

### AT DYERSBURG

JUN 0 3 2010

| | |
|---|---|
| TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, | ) ) |
| PLAINTIFF, | ) |
| VS. | ) CIVIL ACTION NO.: 10-CV-56 |
| KENNETH D. RAMIREZ, ROBIN S. RAMIREZ, ACE GLASS REPAIR, INC., TIM W. SMITH PROPERTIES, LLC, AND GENERAL CASUALTY INSURANCE COMPANY, INC., | ) ) ) ) ) |
| DEFENDANTS. | ) |

**TO:   General Casualty Insurance**
c/o Commissioner of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243-5065

You are hereby required to serve your answer to the attached Complaint upon plaintiff's attorney, James A. Hamilton, III, 202 South Main Street, Dyersburg, TN  38025-763, within thirty (30) days of its service upon you, excluding the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Tested this _____ day of _____, 2010.

Issued this ___7___ day of ___May___, 2010.

_____, Clerk

_____, Deputy Clerk

Received this _____ day of _____, 2010.

## NOTICE

To the defendant(s):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed;  these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## **RETURN**

I certify and make return that on the _____ day of _____, 2010, I served this Summons, together with a copy of the Complaint as follows:

( ) A.   I delivered a copy of this Summons and Complaint to the Defendant personally at

_____.

( ) B.   I failed to serve this Summons within thirty (30) days after its issuance because __

_____.


_____                    _____
                Sheriff                                              Deputy Sheriff

S:\Jah\H10-0003.047\03 Word Processing\2010-05-07-Hamilton-SUM(Tim Smith Prop).pld.docm



**State of Tennessee**
**Department of Commerce and Insurance**
500 James Robertson Parkway
Nashville, Tennessee 37243-1131
PH 615.532.5260   FX 615.532.6169
Brenda.Meade@tn.gov
Service of Process

**RECEIVED**

MAY 19 2010

JONES HAMILTON & LAY

# NOTICE OF DOCUMENT RETURN

We regret that it is necessary to return the enclosed documents for the following reason(s):

☑ The name listed on the document is not specific.   Please correct the document to _specify the exact name_ of the company and return for service.

____ Tenn. Code Annotated §56-2-504 states: "the incident instigating the case must take place _within_ the State of Tennessee" OR " the company to be served _must be domiciled here_."

____ This department serves <u>insurance</u> <u>companies</u> <u>only</u>. We do not serve banks, individuals, insurance _agencies_,   insurance _groups,_ third-party administrators or self-insured companies.

____ The Complaint is missing.

____ There is no insurance company listed on the document.

____ The enclosed document was returned to this office for reasons on the attached.

____ Please choose the company to be served from the attached list and return for service.

____ The company shown on the enclosed document is not a Licensed/Accredited insurance company in the State of Tennessee.

____ The Department of Commerce & Insurance does not have authority to accept service on the enclosed document.

<u>FOR FUTURE REFERENCE</u> A $15.00 SERVICE FEE MUST ACCOMPANY DOCUMENT. MAKE CHECK PAYABLE TO STATE OF TENNESSEE.

## IN THE CIRCUIT COURT OF TENNESSEE

## FOR THE TWENTY-NINTH JUDICIAL DISTRICT

## AT DYERSBURG

TENNESSEE FARMERS MUTUAL      )
INSURANCE COMPANY,             )

      PLAINTIFF,             )

VS.                            ) CIVIL ACTION NO.: 10-CV-56

KENNETH D. RAMIREZ, ROBIN S.     )
RAMIREZ, ACE GLASS REPAIR, INC.,   )
TIM W. SMITH PROPERTIES, LLC, AND )
GENERAL CASUALTY INSURANCE    )
COMPANY, INC.,             )

      DEFENDANTS.           )

---

## AFFIDAVIT OF SERVICE

---

STATE OF TENNESSEE  )
                     SS
COUNTY OF DYER      )

    James Hamilton III, after being duly sworn, deposes and says:

    1. I hereby certify I am counsel for the plaintiff in the above entitled action.

    2. The Complaint was filed on May 7, 2010.

    3. A certified copy of the Summons was obtained from the Circuit Court Clerk on May 7, 2010.

    4. I sent a certified copy of the Summons and a copy of the Complaint after it had been filed with the Circuit Court Clerk for Dyer County, Tennessee, to defendant, Kenneth D. Ramirez, by certified mail, return receipt requested.

5.  Kenneth D. Ramirez is currently incarcerated in a penitentiary maintained by the State of Arkansas in Grady, Arkansas.

6.  The certified copy of the Summons and Complaint were received by the prison administrator on May 10, 2010, as confirmed by the return receipt attached hereto.

7.  The certified copy of the Summons and Complaint were received by defendant, Kenneth D. Ramirez., on May 10, 2010, as confirmed by the Inmate Signature Mail which is attached hereto.

8.  The return receipt signed by a prison official was returned to me and received by me on May 12, 2010.

9.  An "Inmate Signature Mail" sheet was received by me on May 14, 2010, verifying defendant, Kenneth D. Ramirez, did personally receive a certified copy of the Summons and Complaint.

10.  Attached hereto is the original Summons.  Also attached to this Affidavit is the original Return Receipt confirming defendant, Kenneth D. Ramirez., was served on May 10, 2010.

_____
AFFIANT

**Sworn to and subscribed to**
**before me on this the 3ʳᵈ**
**day of June, 2010**

_____
NOTARY PUBLIC

**MY COMMISSION EXPIRES:** _____ 11/26/13 _____

S:\Jah\H10-0003.047\03 Word Processing\2010-06-02-Hamilton-AFF(Kenneth Ramirez).pld.docm

RECEIVED

MAY 1 4 2010

JONES HAMILTON & LAY

INMATE SIGNATURE MAIL

NAME Kenneth D Ramirez          ADC# 145027   BARRACKS 10

SENDER'S NAME Jones Hamilton and Lay P.L.C. Attorneys

ADDRESS P.O. Box 763   Dyersburg TN. 38025

CERTIFIED NUMBER 7008-1140-0002-9488-7184

INSURED NUMBER

SPECIAL DELIVERY

SIGNATURE [signature]          DATE 5-10-10

800-84

# IN THE CIRCUIT COURT OF TENNESSEE

## FOR THE TWENTY-NINTH JUDICIAL DISTRICT

### AT DYERSBURG

| | |
|---|---|
| TENNESSEE FARMERS MUTUAL<br>INSURANCE COMPANY, | )<br>) |
| PLAINTIFF, | ) |
| VS. | ) CIVIL ACTION NO.: 10-CV-56 |
| KENNETH D. RAMIREZ, ROBIN S.<br>RAMIREZ, ACE GLASS REPAIR, INC.,<br>TIM W. SMITH PROPERTIES, LLC, AND<br>GENERAL CASUALTY INSURANCE<br>COMPANY, INC., | )<br>)<br>)<br>)<br>) |
| DEFENDANTS. | ) |

---

## AFFIDAVIT OF SERVICE

---

STATE OF TENNESSEE  )
                                        SS
COUNTY OF DYER        )

James Hamilton III, after being duly sworn, deposes and says:

1. I hereby certify I am counsel for the plaintiff in the above entitled action.

2. The Complaint was filed on May 7, 2010.

3. A certified copy of the Summons was obtained from the Circuit Court Clerk on May 7, 2010.

4. I sent a certified copy of the Summons and a copy of the Complaint after it had been filed with the Circuit Court Clerk for Dyer County, Tennessee, to defendant, Robin S. Ramirez, by certified mail, return receipt requested.

5.  The certified copy of the Summons and Complaint were received by defendant, Robin S.

Ramirez, on May 10, 2010, as confirmed by the return receipt attached hereto.

6.  The return receipt was returned to me and received by me on May 11, 2010.

7.  Attached hereto is the original Summons.  Also attached to this Affidavit is the original

Return Receipt confirming defendant, Robin S. Ramirez, was served on May 10, 2010.

_____

**AFFIANT**

**Sworn to and subscribed to**
**before me on this the 3rd**
**day of June, 2010**

_____

**NOTARY PUBLIC**

**MY COMMISSION EXPIRES:** _____11/26/11_____

S:\Jah\H10-0003.047\03 Word Processing\2010-06-02-Hamilton-AFF(Robin Ramirez).pld.docx

# IN THE CIRCUIT COURT OF TENNESSEE

## FOR THE TWENTY-NINTH JUDICIAL DISTRICT

### AT DYERSBURG

TENNESSEE FARMERS MUTUAL  )
INSURANCE COMPANY,   )

  PLAINTIFF,     )

VS.         )  CIVIL ACTION NO.:  10-CV-56

KENNETH D. RAMIREZ,  ROBIN S. )
RAMIREZ, ACE GLASS REPAIR, INC., )
TIM W. SMITH PROPERTIES, LLC, AND )
GENERAL CASUALTY INSURANCE )
COMPANY, INC.,    )

  DEFENDANTS.   )

---

## AFFIDAVIT OF SERVICE

---

STATE OF TENNESSEE )
       SS
COUNTY OF DYER  )

  James Hamilton III, after being duly sworn, deposes and says:

  1. I hereby certify I am counsel for the plaintiff in the above entitled action.

  2. The Complaint was filed on May 7, 2010.

  3. A certified copy of the Summons was obtained from the Circuit Court Clerk on May 7, 2010.

  4. I sent a certified copy of the Summons and a copy of the Complaint after it had been filed with the Circuit Court Clerk for Dyer County, Tennessee, to defendant, Ace Glass Repair, Inc., by certified mail, return receipt requested.

5. The certified copy of the Summons and Complaint were received by defendant, Ace Glass Repair, Inc., on May 10, 2010, as confirmed by the return receipt attached hereto.

6. The return receipt was returned to me and received by me on May 11, 2010.

7. Attached hereto is the original Summons. Also attached to this Affidavit is the original Return Receipt confirming defendant, Ace Glass Repair, Inc., was served on May 10, 2010.

_____
AFFIANT

**Sworn to and subscribed to**
**before me on this the** 3rd
**day of June, 2010**

_____
NOTARY PUBLIC

**MY COMMISSION EXPIRES:** _11/26/11_

S:\Uah\H10-0003.047\03 Word Processing\2010-06-01-Hamilton-AFF(Ace).pld.docm

## IN THE CIRCUIT COURT OF TENNESSEE

## FOR THE TWENTY-NINTH JUDICIAL DISTRICT

## AT DYERSBURG

| | |
|---|---|
| TENNESSEE FARMERS MUTUAL<br>INSURANCE COMPANY, | )<br>) |
| PLAINTIFF, | ) |
| VS. | ) CIVIL ACTION NO.: 10-CV-56 |
| KENNETH D. RAMIREZ, ROBIN S.<br>RAMIREZ, ACE GLASS REPAIR, INC.,<br>TIM W. SMITH PROPERTIES, LLC, AND<br>GENERAL CASUALTY INSURANCE<br>COMPANY, INC., | )<br>)<br>)<br>)<br>) |
| DEFENDANTS. | ) |

### AFFIDAVIT OF SERVICE

STATE OF TENNESSEE )
                                              SS
COUNTY OF DYER          )

James Hamilton III, after being duly sworn, deposes and says:

1. I hereby certify I am counsel for the plaintiff in the above entitled action.

2. The Complaint was filed on May 7, 2010.

3. A certified copy of the Summons was obtained from the Circuit Court Clerk on May 7, 2010.

4. I sent a certified copy of the Summons and a copy of the Complaint after it had been filed with the Circuit Court Clerk for Dyer County, Tennessee, to defendant, Tim W. Smith Properties, LLC, by certified mail, return receipt requested.